CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 15 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| KENNETH H. TRIVETT, | |
| Plaintiff, | Case No. 4:21cv00026 |
| v. | **MEMORANDUM OPINION** |
| HONORABLE JUDGE KIMBERLY WHITE and COUNTY OF HALIFAX, VIRGINIA'S CIRCUIT COURT, | By: Hon. Thomas T. Cullen<br>United States District Judge |
| Defendants. | |

On March 31, 2021, Plaintiff Kenneth H. Trivett filed a complaint in the Eastern District of Virginia. (*See* ECF No. 1.) Because he alleges constitutional violations that occurred in this district, that court transferred Plaintiff's action to the Western District of Virginia on June 9. (ECF No. 4.) Once the case was docketed in this district, Plaintiff was instructed to either pay the filing fee or file a motion to proceed *in forma pauperis*; he filed the appropriate motion on June 25. (ECF No. 7.) After review of Plaintiff's motion, the court finds that he qualifies to proceed *in forma pauperis* and will grant his motion.

Under 28 U.S.C. § 1915, the court is empowered to review complaints of those parties who are proceeding *in forma pauperis* to ensure that the complaint: (1) is not frivolous or malicious; (2) states a claim on which relief may be granted; and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the complaint is deficient in any of these respects, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case . . . ." *Id.* § 1918(e)(2).

In his complaint, Plaintiff asserts that he "owned a parcel of land at 6121 Oak Level Road Halifax[,] Virginia 24558 and was court ordered out of his home (castle) and off of his land (domain) in late December of the year 2020." (ECF No. 1.) He alleges that Defendant Hon. Kimberly White, a circuit court judge in Virginia, through "blatant disregard to our Constitution[,] placed . . . Trivett in danger of the elements (weather/illness) (Covid-19) leaving Trivett homeless during a pandemic in the middle of winter penniless and without means of acquiring living arrangements whatsoever." (*Id.*) He seeks ten million dollars in punitive damages against Defendants White and the County of Halifax, Virginia Circuit Court. (*Id.*)

Although Plaintiff does not specify a cause of action, because he apparently is seeking vindication of a purported violation of his constitutional rights, the court assumes Plaintiff is pursuing his claim under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

In other words, section 1983 provides a private cause of action against any individual who, acting under color of law, violates the constitutional rights of another. *See, e.g.*, *Brown v. Mitchell*, 308 F. Supp. 2d 682, 692 (E.D. Va. 2004).

In reviewing Plaintiff's allegations—and construing his allegations as stating a claim under § 1983—Plaintiff's complaint is fatally deficient against both defendants. First, as it pertains to the County of Halifax, Virginia Circuit Court, section 1983 only creates a cause of

action against "person[s]," and the Circuit Court is not a "person." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n.55 (1978) (noting that, for purposes of § 1983, a "person" includes individuals and "bodies politic and corporate"). *Accord Cates v. Baltimore City Circuit Court*, No. ELH-18-1398, 2018 WL 2321121, at *1 (D. Md. May 22, 2018) ("Defendant Baltimore City Circuit Court' is not a 'person' amendable to suit under 42 U.S.C. § 1983."). Plaintiff's complaint thus fails to state a claim against the County of Halifax, Virginia Circuit Court, and Plaintiff's claims against that entity will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (permitting *sua sponte* dismissal for failure to state a claim).

Turning to the allegations against Judge White: she is absolutely immune from any suit based on actions taken in her role as a circuit court judge. "The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities." *Id.* (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam)). Judicial immunity is absolute, and protects judges from damages suits entirely. *See Mireles*, 502 U.S. at 9–10. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. 335, 351 (1871).

The Supreme Court has explained the rationale for absolute judicial immunity:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences" . . . . It is a judge's duty to decide all cases within [her] jurisdiction that are brought before [her], including

> controversial cases that arouse the most intense feelings in the litigants. [Her] errors may be corrected on appeal, but [s]he should not have to fear that unsatisfied litigants may hound [her] with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 553–54 (1967). Because Plaintiff's allegations do not provide any basis to vitiate Judge White's judicial immunity, his cause of action against her cannot proceed, and all claims against Judge White will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (permitting *sua sponte* dismissal of an action that seeks relief against a party who is immune from such relief).

On July 6, 2021, Plaintiff filed a motion to amend his complaint. In his motion, Plaintiff seeks permission to add Ann Mosier as a defendant. He alleges that Ms. Mosier "manipulated the justice system to suit her needs," and that Judge White "would not have violated Plaintiff's constitutional rights, denying him free access to his land and home," presumably but for Ms. Mosier's actions. Because Plaintiff does not assert what actions Ms. Mosier allegedly took to violate his constitutional rights, nor does he allege any facts to suggest that Ms. Mosier acted under color of law (a requirement for suit under § 1983), his motion for leave to amend his complaint is futile and will be denied. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (noting that leave to amend should only be denied "on the ground of futility when the proposed amendment is clearly insufficient . . .").

For these reasons, Plaintiff's complaint fails to state a claim on which relief can be granted and seeks relief from a party who is immune from the request relief, and the court will dismiss Plaintiff's action under 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). Because Plaintiff's proposed

amendment is insufficient to state a claim against Ms. Mosier, his motion for leave to amend his complaint will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Plaintiff.

**ENTERED** this 15th day of July, 2021.

*/s/ Thomas T. Cullen*  
HON. THOMAS T. CULLEN  
UNITED STATES DISTRICT JUDGE